DHIA HAYDER
4137 Coralee Lane
Lafayette, CA 94549
Phone Number (925) 817-0797
Email: dhayder58@gmail.com

DHIA HAYDER, IN PRO PER

FILED
SEP 13 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

C 22-05219 TSH

| DHIA HAYDER, | ) |
| Plaintiff, | ) **COMPLAINT FOR WRONGFUL** |
| | ) **TERMINATION AND BREACH OF** |
| vs. | ) **CONTRACT** |
| | ) |
| EMBASSY OF THE UNITED ARAB | ) |
| EMIRATES, WASHINGTON, D.C., and ABU | ) |
| DHABI NATIONAL OIL COMPANY (ADNOC) | ) |
| | ) |
| Defendants. | ) |

1. This court has original jurisdiction pursuant to:

    a. the Foreign Sovereign Immunities Act of 1976, 28 USC 1605 (a) (5) as hereinafter more fully appears which provides for jurisdiction for claims involving personal injury or death that occurred in the United States as a result of the negligence or acts of omission of either a foreign government or a corporation owned by a foreign government.

    b. the doctrine of pendent jurisdiction.

2. The plaintiff, Dhia Hayder, is a resident of the Northern District of the State of California. He resides at 4137 Coralee Lane, City of Lafayette, County of Contra Costa.

3. The plaintiff, Dhia Hayder, was employed by the Abu Dhabi National Oil Company

- 1 -
COMPLAINT

(ADNOC), in the United Arab Emirates (UAE), as a Senior Internal Auditor until 07/01/1987. He worked for the Abu Dhabi Company for Onshore Oil Operations (ADCO) on the basis of a secondment agreement, and then was transferred to ADCO as its employee in March of 1986.

4. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that defendant ADNOC is a foreign corporation organized and existing under the laws of the United Arab Emirates with its principal place of business in the United Arab Emirates. Plaintiff further believes, and on the basis of such information and belief alleges, that ADNOC is an "agency" and "instrumentality" of the UAE since a majority of its shares are owned by the Government of the UAE; and that ADNOC is the parent organization of ADCO.

5. Plaintiff's wife, Mrs. Bassima Bazirgan, was diagnosed with cancer on 02/28/1986. She underwent initial treatment in the United States, from 03/03/1986 until 05/25/1986.

6. Bassima Bazirgan's American physicians recommended that she continue chemotherapy treatment for a period of at least one year, and return to the United States for re-evaluation.

7. On 08/12/1986, ADCO terminated plaintiff's employment contract, less than three months after his wife's return from the United States; and less than two weeks before his three children (ages 10, 7, and 5 years) were scheduled to start a new school year.

8. Plaintiff lost medical insurance coverage from himself and his family as a result of the termination of his employment contract.

9. Plaintiff arrived in the United States on 05/27/1987, in order for his wife to continue receiving the medical care she needed. Defendant ADCO breached its contract by failing to pay the medical expenses of plaintiff's wife, despite the fact that plaintiff's service with ADCO did not end until 07/01/1987.

10. Plaintiff was not able to secure work until nearly two years after his arrival to the United States, due to his responsibilities to his wife while she was ill, and their three children. He incurred significant financial debt paying for his wife's treatment without the benefit of medical insurance coverage until her death on 03/24/1989.

11. As a direct and proximate cause of the wrongful termination and breach of contract perpetrated by the defendants, their agents, servants, and/or employees, the plaintiff Dhia Hayder has been caused to suffer and continues to suffer great physical and mental anguish, as well as financial difficulty.

WHEREFORE, the plaintiff, Dhia Hayder, demands judgement against the defendants jointly and/or severally, together with interest and costs.

Dated: September 12, 2022

_____
DHIA HAYDER
In Pro Per